THEOPHELIA G. TOWNSEND, APPELLANT, *v.* OLIVER
B. WHITNEY, RESPONDENT.

*Sureties—rights of, against principal debtor.*

The defendant, an administrator, having failed to pay over certain moneys as
required by a decree of the surrogate, a judgment was docketed against him
and an execution issued thereon was returned unsatisfied. Actions were then
brought on his bond, and judgments recovered against defendant and his
surety, plaintiff's husband. The judgments were paid by plaintiff's husband,
and an assignment of the decree and judgments was taken to plaintiff.
*Held*, that the plaintiff was entitled to enforce the judgments against defendant,
and to procure an attachment to be issued against him by the surrogate.

APPEAL from an order made by the surrogate of Ulster
county, denying an application for an execution against the person,
to enforce the payment of moneys decreed to be paid by Oliver
B. Whitney, defendant, as administrator.

Whitney and another were administrators of John J. Ferris,
deceased, and William H. Townsend, the husband of this plaintiff,
the petitioner, became one of the sureties on their bond as such
administrators. In course of administration a decree was made
by the surrogate, directing the payment of certain distributive
shares of the Ferris estate to certain persons entitled thereto.

To enforce such payment, the parties thus entitled, caused the
decree to be docketed in the Ulster county clerk's office, upon
the certificate of the surrogate, and caused execution to be issued
thereon against the administrators, which was returned wholly
unsatisfied.

The parties entitled under the decree thereupon brought suit

upon the administrator's bond, and obtained three several judgments against Oliver B. Whitney, his co-administrator, and William H. Townsend, the surviving surety, husband of the appellant. These judgments were paid through Townsend, the surety, and assignments thereof, and of the surrogate's decree, and of all rights and remedies thereunder were taken by Theophelia G. Townsend, the appellant; and thereupon a demand having been made upon Whitney for payment of the moneys directed to be paid by the decree which was refused, a petition was filed by Theophelia G. Townsend, assignee of the interest of Lydia E. Love and others, under the decree, for an attachment against Whitney to answer for his misconduct. An attachment was granted, and on the return-day thereof Whitney appeared and pleaded. The pleading was in the nature of a demurrer, and the surrogate filed an order denying the application and discharging the attachment.

*J. Newton Fiero,* for the appellant.

*F. L. Westbroook* and *John J. Linson,* for the respondent. Two remedies are given by the statute against executors and administrators who fail or neglect to obey the orders or decrees of the surrogate directing them to pay money. An action on the decree docketed in the clerk's office against the sureties on the bond. (3 R. S., title 1, chap. 2, §§ 17–19 [6th ed.], 329.) Proceedings by attachment against the person of the defaulting administrator or executor. (3 R. S., title 1, chap. 2, §§ 20, 21 [6th ed.], 329.) Bringing action on the bond is an election. This remedy is allowed on the ground that the other has ceased. It cannot be pursued until the petitioner has exhausted his rights under the other. They are totally inconsistent. (*Brown* v. *Littlefield,* 1 Wend., 398; *Same Case,* 11 Wend., 467; *Morris* v. *Rexford,* 18 N. Y., 552; *Kinney* v. *Kiernan,* 2 Lans., 492.) The decrees are merged in and extinguished by the judgments obtained upon them in the Supreme Court. The latter were securities of a higher nature. (*Clark* v. *Rowling,* 3 N. Y., 227; *Andrews* v. *Smith,* 9 Wend., 53; *Craft* v. *Merrill,* 14 N. Y., 456; *Purdy* v. *Doyle,* 1 Paige Ch.,

558; *McGuinty* v. *Herrick*, 5 Wend., 240.) The assignment of the judgments to the petitioner operated as a satisfaction. William H. Townsend was one of the judgment-debtors. His money paid the original claimants. His wife had no separate estate. Formerly, both in the courts of common law and of equity, the payment of a judgment by one judgment-debtor would have been held an extinguishment. (*Hodgson* v. *Shaw*, 3 Mylne & Keen, 183; 10 Eng. Ch. R., 183; *Copis* v. *Middleton*, 1 Turn. & Russ., 224; 12 Eng. Ch. R., 223.) Nor would it make any difference if the surety had procured an assignment to be taken to a third person for his benefit. (1 Story's Eq. Jur., § 499*b*, and cases there cited; *Ontario Bank* v. *Walker*, 1 Hill, 652; *Bank of Salina* v. *Abbott*, 3 Denio, 181; *Marsh* v. *Benedict*, 14 Hun, 317), presents precisely the same state of facts as *Corey* v. *White*. And the statute of 1832, as well as the cases above cited, are referred to by the presiding justice in his elaborate opinion. (*Morley* v. *Stevens*, 47 How., 228; *Harbeck* v. *Vanderbilt*, 20 N. Y.; 395; *Shumway* v. *Cooley*, 9 Hun, 131; *Booth* v. *F. & M. Bk.*, 11 Hun, 258; *Adams* v. *Drake*, 11 Cush., 504; *Holmes* v. *Day*, 108 Mass., 563; *Hull* v. *Sherwood*, 59 Mo., 172; *Carpenter* v. *Stilwell*, 1 Kernan, 61.)

LEARNED, P. J.:

The decree of the surrogate was neither paid nor discharged by the judgments subsequently recovered, nor was it merged therein.

The recovery of the judgments against the administrator and his surety, though joint in form, did not take away from the surety his peculiar privileges. He did not become thereby merely a joint-debtor. He still remained entitled, on payment, to subrogation, and to all the rights which the creditor had against the principal. (*Meech* v. *Benedict*, May Term, 1878.) The creditor has admitted this right of subrogation, and has assigned to the surety (or to another person at his request), as he was bound to do, all the securities or claims which he had against the principal. That is, he has assigned the judgment and the decree. The assignee then holds these with all the rights and powers which the creditor had in respect to the principal debtor. Nothing has been done in any way to release the principal from his debt, or to take away from

the holder of the debt any means of enforcing and collecting it. The principal has not paid it, and he has no reason to object to any process which the law gives to compel him to do his duty, and to pay over these trust funds.

Something was said, in his behalf, to the effect that process against the person was a remedy personal to the creditor. There is no force in this. Attachments against administrators and such parties for not paying money issue because the moneys which they have are held in trust. If they have used them except for trust purposes, they are not mere debtors. They are guilty of a *quasi* criminal act, for which they ought to be punished. And it is of no consequence to them whether the result of their wrong-doing falls on their creditor or on some innocent surety. In either case they are equally culpable; and in either case liable to any authorized process which may compel them to give up the property which they unjustly hold.

Sureties are, and should be, favored in law. And this assignment was undoubtedly made to another person to avoid any question as to the effect of an assignment to the surety, one of the defendants in the judgments. The debtor has no merits in his favor. He has not only wrongfully retained trust funds, but he has thrown the consequences of his wrong-doing on his surety, whom he ought to have protected from loss. And now he is endeavoring to escape from his liability to that surety on technical grounds.

The order must be reversed, with $10 costs and printing, disbursements and proceedings remitted to surrogate with direction to issue process.

Present—LEARNED, P. J., BOARDMAN and WESTBROOK, JJ.

Ordered accordingly.